**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 01-30271

---

FARM CREDIT BANK OF TEXAS

                    Plaintiff - Appellant - Cross-Appellee

                    VERSUS

LORITA RICHARD GUIDRY; ET AL

                                                  Defendants
        LORITA RICHARD GUIDRY; PATRICK GUIDRY

                    Defendants - Appellees - Cross-Appellees

DAVID GUIDRY, Trustee for Lorita Guidry, Irrevocable Trust

                    Trustee - Appellee - Cross-Appellees
                    ------------------------
        LORITA RICHARD GUIDRY

                    Plaintiff - Appellee - Cross-Appellee

DAVID GUIDRY, Trustee for Lorita Guidry, Irrevocable Trust

                    Trustee - Appellee - Cross-Appellee

                    VERSUS

LINCOLN NATIONAL LIFE INSURANCE COMPANY; ET AL

                                                  Defendants
        LINCOLN NATIONAL LIFE INSURANCE COMPANY

                    Defendant - Appellee - Cross-Appellant

    UNITED STATES FIDELITY & GUARANTY COMPANY

                                                  Appellee

Appeal from the United States District Court
For the Middle District of Louisiana, Baton Rouge
No. 98-CV-392-B

June 14, 2002

Before DAVIS, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Since the first appeal in this case[1] the district court has resolved all issues and rendered a final judgment. Farm Credit raises three issues in this appeal. It contends the district court erred in (1) refusing to hold the Guidrys and Lincoln National Life Insurance Company(LNL) in contempt of court; (2) refusing to hold United States Fidelity and Guaranty Company(USF&G) as surety responsible for the balance of the judgment under the terms of the appeal bond and (3) refusing to cast LNL in judgment for the sums the Trustee paid out of the annuity account while the appeal was pending. LNL filed a cross appeal challenging the district court's denial of its Rule 60(b)(6) motion predicated on an enactment by the Louisiana legislature after our first appeal was decided.

After careful review of the record, the briefs of the parties and arguments of counsel, we are satisfied that the district court

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]See <u>Farm Credit Bank of Texas v. Guidry</u>, 110 F.3d 1147(5th Cir. 1997).

committed no reversible error.

First, we find no abuse of discretion in the district court's refusal to hold the Guidrys and LNL in contempt of court for the payment from the trust to the beneficiary during the pendency of the appeal. The district court was well within its discretion in concluding that no good purpose would be served in holding the Guidrys in contempt because they were impecunious and a jail sentence would serve no good purpose. The garnishment was not served on LNL and the district court was entitled to conclude that the garnishment order did not bind LNL.

Second, we agree with the district court's reading of the appeal bond and concur in its refusal to impose further liability under the bond on the surety USF&G.

On Lincoln National's cross appeal, we are satisfied that the district court did not abuse its considerable discretion in denying LNL's Rule 60(b)(6) motion predicated on an act of the Louisiana legislature enacted after the relevant issue had been litigated and had become the law of the case.

Because the district court committed no reversible error, its judgment is affirmed.

AFFIRMED.